UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:

ADA CONROY,

                            Debtor.
------------------------------------------------------------ X

Chapter 11

Case No.: 8-16-71943-ast

## ORDER REQUIRING DISGORGEMENT OF DEBTOR'S COUNSEL'S FEES

On May 2, 2016, Ada Conroy (the "Debtor") filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). Debtor was represented by Donna M Fiorelli, Esq. of the Law Offices of Donna M. Fiorelli, P.C. ("Fiorelli").

On July 13, 2016, Fredrick P. Stern, Esq. of Fredrick P. Stern, P.C. ("Stern") filed a motion to convert (the "Motion to Convert") Debtor's chapter 13 case to a case under chapter 11 of the Bankruptcy Code. Stern recited that Debtor owed secured debt above the eligibility limit for chapter 13, albeit without citing Section 109(e).

On August 5, 2016, the Court entered an Order authorizing Stern as Debtor's substitute counsel and relieving Fiorelli as Debtor's counsel of record (the "Substitution Order"). [dkt item 26] The Substitution Order provides, among other things, that there is no waiver of "the requirements set forth under 11 U.S.C. § 327, Bankruptcy Rule 2014, and Local Bankruptcy 2014-1 upon any future conversion of [the] Chapter 13 case to one under Chapter 11."

On October 14, 2016, the Court entered an Order converting Debtor's chapter 13 case to a case under chapter 11 of the Bankruptcy Code. [dkt item 28] Stern continued to appear as counsel of record for Debtor.

On October 21, 2016, the Court entered an Order scheduling the initial case management conference for Debtor's individual chapter 11 case.  [dkt item 32]

On December 7, 2016, the Court conducted the case management conference (the "Conference").  No appearance was made by Stern for Debtor at the December 7 Conference.  The Court further adjourned the Conference to February 15, 2017 at 10:00 a.m., which was subsequently further adjourned to March 8, 2017.

On January 19, 2017, the Court entered an Order setting April 28, 2017 as the deadline for Debtor to confirm a chapter 11 plan, the failure of which would constitute cause to convert or dismiss the chapter 11 case.  [dkt item 37]

On February 10, 2017, the Office of the United States Trustee filed a motion to dismiss (the "Motion to Dismiss") Debtor's chapter 11 case for, among other reasons, Debtor's failure to attend the 341 meeting of creditors.  [dkt item 40]

On March 8, 2017, the Court conducted the adjourned Conference and held a hearing on the Motion to Dismiss.  Debtor did not file an objection to the Motion to Dismiss.  Neither Stern nor Debtor appeared at the March 8 hearing.  The Motion to Dismiss was granted by the Court.

On March 20, 2017, the Court entered an Order dismissing Debtor's chapter 11 case.  [dkt item 42]

At no time did the Court enter an order relieving Stern of his obligations to represent Debtor.  *See* E.D.N.Y. Local Bankruptcy Rule 2090-1.

During the course of Debtor's chapter 11 case, Stern did not file a statement of the compensation paid or agreed to be paid for services rendered or to be rendered in contemplation of or in connection with Debtor's chapter 11 case, including the Motion to Convert, and the source

of such compensation pursuant to 11 U.S.C. § 329(a) (the "Fee Statement").  He also did not file an application to be retained as Debtor's chapter 11 counsel pursuant to 11 U.S.C. § 327(a).

On March 20, 2017, pursuant to 11 U.S.C. §§ 105(d) and 329, by Order to Show Cause, this Court ordered Stern to file a Fee Statement. [dkt item 43]

On April 7, 2017, Stern filed a fee statement (the "Fee Statement"), which states that he was paid $6,407.00 by Debtor's son, John Conroy, for handing the case, although it is silent as to when he was paid. [dkt item 47]  While he outlined matters that he agreed to undertake, he did not provide any detail of services he actually provided, how much time he spent on each task, and at what hourly rate.

On June 22, 2017, this Court entered an Order on Debtor's Counsel's Fees that required Stern to file a detailed statement of the services he actually provided, how much time he spent on each task, and at what hourly rate, and to do so on or before July 6, 2017. [dkt item 48]

On July 6, 2017, Stern filed his billing statement affirmation in narrative form along with a statement of services rendered (the "Billing Statement"). [dkt item 50]  In his Billing Statement, in addition to providing the breakdown of services rendered from May 23, 2016, through March 2, 2017, at the rate of $350 per hour, Stern disclosed that while he intended to be retained by Debtor for the chapter 11 phase of this case, "almost immediately after the conversion I began having serious issues with the Debtor and her son," and that he advised Debtor and her son to obtain other counsel for this bankruptcy case. Thus, says Stern, he did not seek approval of this Court to represent Debtor as chapter 11 counsel.  In addition, which this Court finds curious, Stern states that he understood the provision of the Substitution Order providing there is no waiver of the requirements set forth under 11 U.S.C. § 327, Bankruptcy Rule 2014, and Local Bankruptcy 2014-

1 as only applying to him if he chose to seek to be retained on behalf of the chapter 11 estate, and

that he was not acting as Debtor's counsel unless he submitted an application to be retained.

> Based upon the specific wording of the Substitution Order in regards to "11 U.S.C.
> § 327, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1", which all
> require a motion to be retained in Chapter 11 proceedings, it was my understanding
> that I was not longer counsel of record for the Debtor until an application to be
> retained in the Chapter 11 case was granted by the Court.

[dkt item 50] The Court notes that at no time did Stern advise the Court that he was seeking to

terminate his representation of Debtor.

Yet, in spite of his perceived disagreements with Debtor and her son and his perception

that he was not Debtor's counsel, Stern continued to apparently render services to Debtor and

charge her for services after the October 14, 2016 date of conversion to chapter 11, until his last

billing entry on March 2, 2017.

### Stern was required to timely file the disclosure of compensation

A debtor's attorney is subject to the requirements of § 329(a), which provides:

> Any attorney representing a debtor in a case under this title, or in connection with
> such a case, whether or not such attorney applies for compensation under this title,
> shall file with the court a statement of the compensation paid or agreed to be paid,
> if such payment or agreement was made after one year before the date of the filing
> of the petition, for services rendered or to be rendered in contemplation of or in
> connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a). Bankruptcy Rule 2016(b) implements § 329(a) by requiring a debtor's attorney

to file the statement required by that section within 14 days after the order for relief.

*In re Chatkhan*, 496 B.R. 687, 692–93 (Bankr. E.D.N.Y. 2012) (CJ Craig).

Contrary to Stern's mistaken belief, his fee disclosure was mandatory; whether he applies

for compensation is optional. *See In re Miller Auto. Grp., Inc*., 521 B.R. 323, 331 (Bankr. W.D.

Mo. 2014), *aff'd sub nom. In re Miller Auto. Grp. Inc.*, 536 B.R. 828 (B.A.P. 8th Cir. 2015) (the

disclosure requirements of § 329 are mandatory, not permissive).

Numerous courts, including this Court in *Chatkhan*, have held that "[f]ailure to comply with § 329 and Bankruptcy Rule 2016(b) is grounds to deny all fees and costs sought by counsel." *Chatkhan*, 496 B.R. at 695; *see also Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 721 (6th Cir. 2001) ("To ensure [protection of both creditors and debtors against overreaching attorneys], bankruptcy courts have broad and inherent authority to deny any and all compensation where an attorney fails to satisfy the requirements of the Code and Rules"); *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997); *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees"); *In re Chez*, 441 B.R. 724, 731 (Bankr. D. Conn. 2010) ("Indeed, it has long been the practice in [the Second Circuit] to deny compensation to counsel who fail to comply with the disclosure provisions....") (alterations in original) (*quoting In re Laferriere*, 286 B.R. 520, 526–27 (Bankr. D. Vt. 2002) *quoting Futuronics Corp. v. Arutt, Nachamie & Benjamin (In re Futuronics Corp.)*, 655 F.2d 463, 469 (2d Cir. 1981)).

Further, disgorgement is not limited to circumstances of willful misconduct by an attorney: "While a more 'technical breach' of the attorney's obligations under the Bankruptcy Code and the Bankruptcy Rules may not warrant denial of all compensation, it is clear that a finding of willfulness is not required; '[d]isgorgement may be proper even though the failure to [comply with the Code and Rules] resulted ... from negligence or inadvertence.'" *Chatkhan*, 496 B.R. at 695 (quoting *Vergos v. Mendes & Gonzales PLLC (In re McCrary & Dunlap Const. Co., LLC)*, 79 Fed. Appx. 770, 779 (6th Cir. 2003)).

Here, Stern clearly ignored his disclosure requirements of the nature, amount and source of his retainer by failing to file the Rule 2016 statement until ordered to do so.

*Stern cannot be compensated for any services rendered during the chapter 11 phase*

Section 330 of the Bankruptcy Code provides that a bankruptcy court may award "reasonable compensation for actual, necessary services" that have been rendered by a professional of the estate as well as actual and necessary expenses. *In re Parkview Care & Rehab. Ctr., Inc.*, No. 08-71867-DTE, 2010 WL 3517069, at *4 (Bankr. E.D.N.Y. Sept. 7, 2010); 11 U.S.C. §§ 330(a)(1)(A) and (B). The beginning point of compensation in a chapter 11 case, however, is from the date that the professional is allowed to be retained. *See In re English Sheppard Realty Corp.*, No. 99-10393-DTE, 2010 WL 1492272, at *2 (Bankr. E.D.N.Y. Apr. 13, 2010), *aff'd*, No. 10-CV-2864 JS, 2011 WL 1099486 (E.D.N.Y. Mar. 21, 2011), *aff'd*, 481 F. App'x 691 (2d Cir. 2012) ("Failure to receive court approval authorizing counsel to be retained under section 327(a) is cause alone for denying compensation under § 330(a)(1) for any services rendered."); *see also In re Bronx 439 E. 135th St. D.T. Bldg. Corp.*, No. 11-15855-MG, 2014 WL 200996, at *3 (Bankr. S.D.N.Y. Jan. 17, 2014) ("In the Second Circuit, there is a per se prohibition against compensating professionals for services rendered prior to a retention order.") (*quoting In re CCT Commc'ns, Inc.*, No. 07-10210-SMB, 2010 WL 3386947, at *5 (Bankr. S.D.N.Y. Aug. 24, 2010)).

Here, because Stern was never retained to represent the chapter 11 Debtor, he is not entitled to any compensation from October 14, 2016, forward.

Further, bankruptcy judges "have wide discretion in fixing the amount of attorney fees to be awarded in proceedings before them." *In re Waxman*, 148 B.R. 178, 181 (Bankr. E.D.N.Y. 1992). Before determining "the reasonableness of the service, the Court must make a threshold inquiry into its necessity." *In re Keene Corp.,* 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997) (internal citations omitted). A bankruptcy court's inquiry into the reasonableness of compensation shall include, but is not limited to:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

…

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*See* 11 U.S.C. § 330(a)(3)(A)-(F).

The Second Circuit has directed that trial courts consider, *inter alia*, the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 n.3 (2d Cir. 2007); *Parkview*, 2010 WL 3517069 *5; *In re Schackner*, No. 08-73742-478, 2010 Bankr. LEXIS 1224, *10 (Bankr. E.D.N.Y. Apr. 6, 2010); *see also Johnson v. Ga. Highway Express, Inc.,* 488 F.2d.714 (5th Cir. 1974).

Here, Stern failed to discharge his most basic duties as chapter 11 counsel.  Not only did he fail to disclose the amount and source of his fees, he failed to attend any hearings after the case was converted at his request to chapter 11, including two case management conferences and the

7

hearing on the Motion to Dismiss.[1]  Stern clearly knew of at least the first adjourned status conference he missed on December 7, 2016, since he charged the Debtor $70 on October 31, 2016, for giving notice of the adjourned status conference; he clearly knew the Court established deadlines for Debtor to confirm a plan, as he charged Debtor $35 for reviewing the Order on January 19, 2017; he clearly knew the United States Trustee filed the Motion to Dismiss, as he billed Debtor $70 on February 10, 2017, for reviewing it.

Having done very little post-conversion in prosecution of the chapter 11 case, while billing a client he said he had developed such disagreements with that he told the client and her son to get a new lawyer, all while it was his "understanding that I was not longer counsel of record for the Debtor", this Court will not award Stern any fees for the chapter 11 phase.

Thus, Stern did not earn any fees post-conversion to chapter 11.

***Stern only earned a nominal fee for his chapter 13 work***

With respect to Stern's chapter 13 work, the majority of his time was billed to working on being substituted in as Debtor's chapter 13 counsel, with the limited exceptions of $35 billed on August 5, 2016 for an email regarding a loan modification application; $350 billed on August 23, 2016, for preparing a loan modification package, and a few days later (August 29) charging $70 for reviewing a bank's proof of claim.  Stern did not prepare Debtor's schedules or statement of financial affairs, or any of the other basic filing information required under Section 521(a) – that was all done by Ms. Fiorelli.

The standard for review of reasonableness of a chapter 13 debtor's counsel's fees is also based on the factors enumerated above under § 330(a)(3)(A)-(F).  Section 330(a)(4)(B) of the Bankruptcy Code governs compensation of a chapter 13 debtor's attorney, and provides as follows:

---

[1] Stern asserts in his Fee Statement that Debtor agreed that Stern's fee did not include representation of Debtor at the hearing on the Motion to Dismiss.

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). *In re Star*, No. 09-77947-AST, 2010 WL 3239090, at *3–4 (Bankr. E.D.N.Y. Aug. 13, 2010); *In re Herbert*, No. 04-86487-AST, 2009 WL 1941978, at *4 (Bankr. E.D.N.Y. July 2, 2009).

Based on his Billing Statement, overall, Stern charged Debtor fees of $6,510 for 18.8 hours of services, of which approximately 12 hours were spent pre-conversion, yet accomplished virtually nothing. Further, a substantial amount of Stern's attorney time is charged for secretarial and/or paralegal work such as scanning documents, arranging conference calls, and forwarding documents to Debtor's son to obtain Debtor's signature. It is difficult to ascertain why Stern moved to convert the case to chapter 11 and then did nothing to prosecute it. Stern also charged Debtor $932 for expenses, as court fees, which he does not detail in his Billing Statement; presumably this was the fee differential between chapter 13 and chapter 11.

On balance, Stern earned no more than $500 for his pre-conversion work in connection with working on a loan modification for Debtor. No award higher than that would be reasonable for the services provided and the benefit he provided Debtor for the chapter 13 work, and he is not entitled to compensation for his chapter 11 time. The Court is not disallowing Stern's pre-conversion work solely based on his failure to file his disclosure of compensation.

Thus, because he was paid $6,407 but only earned $500, Stern must disgorge $5,907 to Debtor's son pursuant to Section 329(b)(2)[2], and to do so within twenty-one (21) days of entry of this Order.  Now, after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that Stern must disgorge $5,907 to Debtor's son, John Conroy, and to do so within **twenty-one (21) days** of entry of this Order, and shall docket an affidavit or affirmation of compliance within **ten (10) days** thereafter; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order on Stern, Debtor, the United States Trustee and all creditors and parties in interest having filed a notice of appearance.

---

[2] Section 329(b) of the Bankruptcy Code authorizes a court to order excessive compensation be returned to the estate or the entity that made such payment.  *See* 11 U.S.C. § 329(b)(2) ("[T]he court may ... order the return of any such payment, to the extent excessive, to ... the entity that made such payment"); *In re Datta*, No. 8-08-72740-AST, 2009 WL 1941974, at *9 (Bankr. E.D.N.Y. July 2, 2009).



**Dated: October 31, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**